# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: K.P.**

**No. 14-0110** (Kanawha County 13-JA-66)

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal by his counsel, W. Jesse Forbes, from an order entered January 14, 2014, in the Circuit Court of Kanawha County, which terminated his parental rights to twenty-three-month-old K.P. The guardian ad litem for the child, Sharon K. Childers, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, William P. Jones, also filed a response in support of the circuit court's order. Subsequently, petitioner filed a reply. On appeal, petitioner argues that the circuit court erred by conducting hearings without him present, not allowing him to present evidence with regard to his prior termination, finding that he made no efforts to rectify the circumstances of abuse and neglect, and by finding that there was no less restrictive alternative to termination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, petitioner was convicted in federal court on possession of chemicals used in the manufacture of methamphetamine and of aiding/abetting the same. Petitioner was subsequently sentenced to sixty months of incarceration followed by three years of federal supervised release. While petitioner was on supervised release, the DHHR filed an abuse and neglect petition against petitioner and K.P.'s mother in March of 2013 because they were arrested for operating a clandestine methamphetamine lab in their home. During this time, petitioner was under federal supervised release and, subsequently, was returned to federal custody for violating his probation. The petition alleged that not only was K.P. present for the arrest, but also that the parents failed to provide him with necessary food, clothing, supervision, financial support, and housing. The petition also alleged that petitioner had his rights terminated to other children in 2008.

The officer who arrested petitioner testified at the preliminary hearing that when he and another officer arrived at the home, they could smell a chemical odor. After entering the home, the two officers found materials used to make methamphetamine and "finished product." This officer also testified about the home's unsafe conditions, such as the stove being used for heating, the lack of running water, the home's cold temperature, and trash everywhere. In June of 2013, and after multiple continuances due to petitioner's absences while in federal custody, the circuit court proceeded with adjudication and adjudicated K.P. as a neglected child and petitioner

1

and K.P.'s mother as abusing parents.[1] After a number of continuances for the dispositional hearing, again due to petitioner's absences while in federal custody, the circuit court heard evidence from the family's assigned caseworker. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination would be in the child's best interests. Petitioner now brings this appeal.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises four assignments of error. First, petitioner argues that the circuit court erred in conducting the adjudicatory and dispositional hearings without him being present because petitioner was incarcerated at the time of those hearings. Upon our review of the record, we find no error by the circuit court in proceeding with these hearings in petitioner's absence. We have held as follows:

> [An] incarcerated parent who is a respondent to an abuse and neglect proceeding must inform the circuit court in which such case is pending that he/she is incarcerated and request the court's permission to attend the hearing(s) scheduled therein. Once the circuit court has been so notified, by the respondent parent individually or by the respondent parent's counsel, the determination of whether to permit the incarcerated parent to attend such hearing(s) rests in the court's sound discretion.

Syl. Pt. 4, in part, *In re Stephen Tyler R*, 213 W.Va. 725, 584 S.E.2d 581 (2003). The record does not reveal that he ever requested the circuit court's permission to attend the hearings

---

[1] The circuit court actually adjudicated the parents as abusive and neglectful parents, but the Court notes that West Virginia Code § 49-1-3(2) defines "abusing parent" as a "parent, guardian or other custodian, regardless of his or her age, whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect."

himself. Rather, the record reflects that these hearings were continued numerous times and that although petitioner was absent, his attorney was present at each hearing.

Second, petitioner argues that the circuit court erred by not allowing him to present evidence of the facts of the underlying prior termination on the record prior to the finding of abuse and neglect and prior to termination of parental rights. Petitioner argues that the circumstances of that termination were remedied, asserting that a family court order returned custody of those minor children to petitioner. Upon our review of the record, we decline to address this assignment of error because the circuit court's adjudication was supported by findings unrelated to petitioner's prior termination.[2] West Virginia Code § 49-1-3(11)(A) provides the following definitions of a "neglected" child:

> (i) [A child] [w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when such refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian; or

> (ii) [A child] [w]ho is presently without necessary food, clothing, shelter, medical care, education or supervision because of the disappearance or absence of the child's parent or custodian;

Our review of the record reveals that the circuit court concluded that the child's health was harmed by petitioner's failure to supply him with the necessary food, clothing, shelter, supervision, and care. The circuit court found that petitioner allowed the child to live in a home unsafe for human habitation through his exposure to methamphetamine, filth, no running water, and heat sourced only by a kitchen stove. The circuit court also found that petitioner has remained incarcerated on drug charges throughout the abuse and neglect proceedings. These findings were sufficient to support the circuit court's adjudication of K.P. as a neglected child and petitioner as an abusing parent to K.P.

Third, petitioner argues that the circuit court erred in finding that petitioner made no efforts to rectify the circumstances that led to the conditions of abuse and neglect or follow through with services, and that the same could not be substantially corrected. Petitioner asserts that the DHHR failed to provide any services during this case. However, the DHHR's petition provides that supportive services were offered to petitioner and K.P.'s mother prior to K.P.'s removal from the home. No evidence in the record provides that petitioner subsequently requested any services or kept communication with the DHHR during the pendency of this case. Therefore, we find no error by the circuit court in this regard.

Lastly, petitioner argues that the circuit court erred in finding that there were no less restrictive alternatives to termination. Petitioner argues that he should have received an improvement period at disposition because K.P. is in his mother's care and custody. Our review

---

[2] We note, however, that there is no record of the circuit court ever modifying the termination order of petitioner's older children to reflect that the termination was vacated.

of the record reveals no error by the circuit court in terminating petitioner's parental rights. We have held the following:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The record shows no indication that petitioner ever attempted to contact his attorney or the DHHR during the abuse and neglect case involving twenty-three-month-old K.P. Rather, petitioner was unresponsive and unable to be located. This evidence, coupled with the child's need for permanency, was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 2, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II